UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Francisco VEGA,<br><br>                Petitioner,<br><br>     v.<br><br>Connie GIPSON,<br>Acting Warden of Corcoran State Prison,[1]<br><br>                Respondent. | Case Number 3-11-cv-5567-WHA-PR<br><br>NONCAPITAL HABEAS ACTION<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

     Petitioner is a state prisoner convicted of murder with special circumstances under a theory of aiding and abetting. He is sentenced to life in prison without the possibility of parole. Proceeding pro se, Petitioner seeks a writ of habeas corpus. His Petition contains five claims.

     *First*, Petitioner contends that he received ineffective assistance of trial counsel when counsel failed to object to a biased juror. After the first day of trial testimony, Juror No. 3 reported that he recognized the father of two witnesses as an acquaintance of some years earlier, although he did not believe that this fact would interfere with his ability to be objective and fair. The trial judge stated that he was "satisfied that the recognition wouldn't influence him one way or the other," and defense counsel said he was "perfectly comfortable having [the juror] stay." There is no evidence that Juror No. 3 was biased; indeed, the only evidence indicates that the

---

[1] Connie Gipson is automatically substituted for her counterpart at Pleasant Valley State Prison pursuant to Federal Rule of Civil Procedure 25(d).

juror was not biased.  Trial counsel was not ineffective for failing to object to a biased juror where there is no evidence of bias.

*Second*, Petitioner alleges that his trial counsel rendered ineffective assistance by failing to call a gang expert to testify that Petitioner participated in killing his victim only because he was afraid of being harmed by a fellow gang member who was higher than he in their gang's hierarchy.  However, "in California[,] fear for one's own life does not justify killing an innocent person.  Duress is not a defense to murder [and] cannot reduce murder to manslaughter." *People v. Anderson*, 50 P.3d 368, 369 (Cal. 2002).  "Moreover, because duress cannot, as a matter of law, negate the intent, malice or premeditation elements of a first degree murder, . . . duress [cannot] negate the requisite intent for one charged with aiding and abetting a first degree murder." *People v. Vieira*, 106 P.3d 990, 1006 (Cal. 2005).  Accordingly, expert testimony supporting an assertion of duress was not relevant to the question of Petitioner's guilt and could not have affected the outcome of Petitioner's trial.  There being no valid purpose in calling a gang expert to testify, Petitioner's trial counsel was not ineffective for not doing so.

*Third*, Petitioner asserts that his right to due process was violated because the trial court erred in instructing the jury regarding the intent required for aiding and abetting.  The trial court instructed the jury about aiding and abetting with standard instructions CALCRIM Nos. 400 and 401; the trial court declined to supplement the standard instructions with special instructions proposed by Petitioner that would have required the jury to find that Petitioner had the identical specific intent as the perpetrator whom he was accused of aiding and abetting.  The standard instructions correctly stated the law, *see People v. Stallworth*, 80 Cal. Rptr. 3d 347, 364–65 (Ct. App. 2008), and the instructions requested by Petitioner misstated the law, for "[t]he mental state necessary for conviction as an aider and abettor . . . is different from the mental state necessary for conviction as the actual perpetrator," *People v. Mendoza*, 959 P.2d 735, 739 (Cal. 1998).  The trial court's refusal to instruct the jury incorrectly did not violate Petitioner's right to due process.

*Fourth*, Petitioner contends that the trial court failed to respond adequately to three questions from the jury during deliberations.  In a note, the jury indicated that it did not

understand CALCRIM No. 251, which provides that a crime charged "requires proof of the union, or the joint operation, of an act and a wrongful intent or mental state," and the jury requested a definition of "knowing the consequences" from the provision of CALCRIM No. 728 that "[t]he defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill." Regarding CALCRIM No. 251, the trial court explained that "all crimes require a combination of some kind of intent or mental state of mind of the perpetrator"; regarding CALCRIM No. 728, the trial court responded that the term "knowing the consequences" "should be applied using its ordinary, everyday meaning," and "[i]t is up to [the jury] to determine what that meaning is." Later, the jury asked if an aider and abettor is automatically guilty of first-degree murder, and the trial court responded in the affirmative, but only assuming unanimous jury findings that a murder occurred, that it was deliberate and premeditated, and that the defendant was an aider and abettor. It is unclear how or why Petitioner believes that the trial court's responses to the jury's questions were inadequate, and the responses apparently were helpful, proper, and correct. Accordingly, the trial court did not fail to respond adequately to the jury's questions.

*Fifth*, Petitioner claims that his right to due process was violated because Juror No. 3 was biased. As noted above regarding Petitioner's first claim, there is no evidence that this juror was biased, and the only evidence indicates that he was not biased. Accordingly, Petitioner was not deprived of due process because a juror was biased.

*       *       *

In accordance with the foregoing discussion, and good cause appearing therefor, the Court denies the Petition for Writ of Habeas Corpus and declines to issue a certificate of appealability. The Clerk shall update the docket as indicated in footnote 1, enter judgment in favor of Respondent, and close the file.

*It is so ordered.*

DATED:   December 19, 2012

WILLIAM H. ALSUP
United States District Judge

Case No. 3-11-cv-5567-WHA-PR
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)